IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BARRY M. VAUGHN**,

      **Movant,**

v.                                          **Civil Action No. 3:12-cv-01519**
                                              **(Criminal No: 3:02-cr-00069-9)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's Motion for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651 (ECF No. 703). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Movant's Motion for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651 be denied and this action be removed from the docket of the Court. The undersigned conclusively **FINDS** that Movant is not entitled to the relief requested; therefore, an evidentiary hearing is not required. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.     Background and Procedural History

On March 14, 2002, a federal grand jury in Huntington, West Virginia returned a thirty-six count indictment and forfeiture against multiple defendants, including Movant Barry Vaughn ("Vaughn"), relating to an alleged conspiracy to distribute cocaine base within the Southern District of West Virginia. (ECF No. 1). Vaughn was charged in Count One, with conspiring to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and in Counts Seven, Eight, and Nine, with knowingly and intentionally distributing quantities of crack cocaine, in violation of 21 U.S.C. § 841(a). (*Id.* at 1-2, 8-10).

On May 23, 2002, Vaughn executed a written agreement with the Government, agreeing to plead guilty to Count Seven of the indictment in exchange for dismissal of the other three counts against him. (ECF No. 264). The plea hearing was held on June 10, 2002, wherein Vaughn entered his plea of guilty in accordance with the plea agreement. (ECF No. 261, 263). On September 3, 2002, Vaughn was sentenced to 76 months imprisonment. (ECF No. 379). He did not seek direct appeal or collateral review at any time. Vaughn was released from custody on October 6, 2006, and placed on supervised release through October 15, 2009. (ECF No. 598).

Subsequent to his release, Vaughn was convicted in a separate federal action on drug distribution charges, and on February 10, 2011 he was sentenced to a term of 188 months imprisonment. (S.D.W.V. Case No. 5:08-cr-0266, ECF No. 204 at 85). According to the Federal Bureau of Prisons Inmate Locator, Vaughn is presently incarcerated at the Federal Correctional Institution (FCI) – La Tuna, in Anthony, TX. On May 14, 2012, Vaughn filed the instant Motion for Writ of Error Coram Nobis,

seeking to vacate his 2002 conviction on grounds of ineffective assistance of counsel. (ECF No. 703).

## II. Coram Nobis Standards

Pursuant to the All Writs Act, courts may issue the common law Writ of Coram Nobis whenever "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Writ of Coram Nobis was historically used "to correct errors of fact," though in its modern form, it "can issue to redress a fundamental error, as opposed to mere technical errors." *Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013) (internal quotations omitted). As the Fourth Circuit has explained:

> As a remedy of last resort, the writ of error coram nobis is granted only where an error is of the most fundamental character and there exists no other available remedy. The writ is narrowly limited to extraordinary cases presenting circumstances compelling its use to achieve justice. Thus, the writ provides relief in cases where the error rendered the proceeding itself irregular and invalid.

*United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotations omitted). Coram nobis may be "used to attack federal convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." *United States v. Howze*, 2013 WL 1926401, at *1 (4th Cir. May 10, 2013) (internal marks omitted); *see also Bereano*, 706 F.3d at 576; *Akinsade*, 686 F.3d at 252; *United States v. Grandison*, 74 Fed. Appx. 287, 288 (4th Cir. Sept. 11, 2003).

In order to obtain coram nobis relief, the petitioner must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental

character." *Akinsade*, 686 F.3d at 252 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

## III. Discussion

Vaughn seeks to invalidate his 2002 conviction on grounds that he received ineffective assistance of counsel. (ECF No. 703 at 5). Vaughn relies upon *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010), in support of his claim that at the time of pleading, counsel failed to advise him that his conviction could later be used to enhance a subsequent state or federal sentence. (*Id.* at 12). He asserts that "had counsel explained to Vaughn the collateral consequences of this conviction Vaughn would have taken a very different path upon his release and would have, a fortiori, avoided any further entanglements with state and federal law enforcement." (*Id.* at 13).

In support of his motion for coram nobis relief, Vaughn appears to argue that (1) the more usual remedy under § 2255 is unavailable to him, as he is no longer "in custody" for the conviction he seeks to vacate, (ECF No. 703 at 3); (2) he could not have attacked his conviction earlier because *Padilla v. Kentucky* was not decided until March 2010, (ECF No. 703 at 8); (3) adverse consequences exist to the extent that the wrongful conviction was later used to enhance his sentence for a subsequent crime, (ECF No. 703 at 12); and (4) his ineffective assistance of counsel was a fundamental error. (ECF No. 703 at 12-13). Unfortunately for Vaughn, his reliance on *Padilla v. Kentucky* is misplaced. After reviewing the relevant case law, the undersigned is satisfied that Vaughn has failed to demonstrate fundamental error.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel during critical stages of criminal

4

proceedings, *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), including plea-bargaining, *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-86, 182 L.Ed.2d 398 (2012), and direct appeal. *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). While assistance "which is ineffective in preserving fairness does not meet the constitutional mandate," *Strickland,* 466 U.S. at 685-86, "defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2001).

Under *Strickland*, a defendant can prove ineffective assistance of counsel by meeting the requirements of a two-prong test. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under Strickland is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011).

The second prong of the *Strickland* test requires the defendant to affirmatively

5

establish prejudice; that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In the context of a guilty plea, the prejudice prong of *Strickland* requires the defendant to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In the context of an appeal, the defendant must demonstrate a reasonable probability that, but for his counsel's failure to raise a particular issue, he would have prevailed on the appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

In *Padilla v. Kentucky*, the plaintiff "face[d] deportation after pleading guilty to the transportation of a large amount of marijuana." 559 U.S. 356, __, 130 S.Ct. 1473, 1477 (2010). The plaintiff claimed "that his counsel not only failed to advise him of this consequence prior to his entering the plea, but also told him that he did not have to worry about immigration status since he had been in the country so long." *Id.* at 1478. Relying on his counsel's erroneous advice, the plaintiff pleaded guilty to the drug charges, which in turn "made his deportation virtually mandatory." *Id.* Thus, the plaintiff argued that he had received ineffective assistance of counsel, alleging that "he would have insisted on going to trial if he had not received incorrect advice from his attorney." *Id.* The Supreme Court held that the Sixth Amendment right to effective assistance of counsel requires "that counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 1486. Having found that the plaintiff "sufficiently alleged constitutional deficiency to satisfy the first prong of *Strickland*, the Supreme

6

Court remanded the case to determine whether he also suffered prejudice under the second prong of *Strickland*. *Id.* at 1453-84.

Here, Vaughn argues by analogy that his attorney provided ineffective assistance by "fail[ing] to warn Vaughn of the collateral consequences of this conviction." (ECF No. 703 at 13). Instead of facing near certain deportation as in *Padilla,* Vaughn alleges that his attorney failed to inform him that the conviction could be used to enhance his sentence in future criminal convictions. (ECF No. 703 at 12). Even accepting Vaughn's argument that *Padilla* now requires counsel to warn defendants that their conviction might be used to enhance future sentences,[1] this new rule is of no use to Vaughn, as the Supreme Court has explicitly held that *Padilla* does not apply retroactively. *Chaidez v. United States*, 133 S. Ct. 1103, 1107, 185 L.Ed.2d 149 (2013). Because *Padilla* was decided in 2010, its holding does not apply to Vaughn, who pleaded guilty to the instant offense in June 2002. Unable to rely upon *Padilla*, Vaughn offers no additional argument or case law supporting his claim of fundamental error due to counsel's failure to advise him that his guilty plea could be used to enhance a future sentence on a

---

[1] This interpretation of *Padilla* ignores the Supreme Court's careful discussion of "the unique nature of deportation" underpinning its decision. *Id.* at 1481-84. Indeed, the Seventh Circuit has observed that "*Padilla* is rife with indications that the Supreme Court meant to limit its scope to the context of deportation only." *United States v. Reeves*, 695 F.3d 637, 640 (7th Cir. 2012). In rejecting Vaughn's identical argument that *Padilla* "requires an attorney to advise his client that a guilty plea may expose the client to potential sentencing enhancements for any future convictions," the Seventh Circuit mused that "[u]sing *Padilla* as a springboard, we would be forced to hold that counsel has a constitutional duty to advise the client as to how he might best continue his criminal activity while minimizing his risk to future punishment. This would not only represent unattractive public policy, it finds no support in precedent." *Id.*; *see also United States v. Nelson*, 2011 WL 883999, at *3 (S.D. Ohio Jan. 5, 2011) ("*Padilla* is of no assistance to [plaintiff] in this case because an enhanced penalty on a future offense is neither a direct nor a collateral consequence of his convictions here. The penalty he faces on any future conviction will be the direct consequence of all the relevant characteristic he displays at that time and of the law at that time."); *Parrish v. Penn.*, 2011 WL 4974203, at *3 (M.D. Pa. Oct. 19, 2011) ("*Padilla* has no application in this case … where the sole ground in [plaintiff's] petition does not challenge his counsel's ineffectiveness for failing to advise him of deportation consequences of his guilty pleas, but instead challenges his counsel's alleged ineffectiveness for failing to advise him about the future applicability of the career criminal enhancement.").

subsequence offense.[2]

Accordingly, the undersigned **FINDS** that Vaughn has failed to demonstrate fundamental error due to ineffective assistance of counsel, and is therefore not entitled to a Writ of Coram Nobis.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1. Movant's Motion for a Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651 (ECF No. 703) be **DENIED**; and

2. This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

---

[2] To the contrary, federal precedent strongly suggests that "a plea's possible enhancing effect on a subsequent sentence ... is not the type of consequence about which a defendant must be advised before the defendant enters the plea." *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980); *see United States v. Mata*, 400 Fed. Appx. 422 (11th Cir. 2010); *United States v. Krejcarek*, 453 F.3d 1290, 1296 (10th Cir. 2006); *United States v. Fountain*, 83 F.3d 946 (8th Cir. 1996); *United States v. Salerno*, 66 F.3d 544 (2d Cir. 1995); *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir. 1991); *United States v. Brownlie*, 915 F.2d 527 (9th Cir. 1990); *see also Appleby v. Warden*, 595 F.3d 532, 540-41 (4th Cir. 2010) (rejecting plaintiff's § 2254 claim of involuntary plea based due to counsel's failure to advise that a guilty plea would expose him to recidivist sentencing proceedings). Moreover, without the benefit of *Padilla*, Vaughn offers no valid reason for failing to raise an ineffective assistance claim earlier.

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: June 10, 2013

Cheryl A. Eifert
United States Magistrate Judge